BEFORE THE FIRST DIVISION, NOVEMBER 14, 1952

**No. 56936.**—Bryant & Heffernan, Inc., and J. T. O'Connell, Inc. *v.* United States, protest 165161–K (New York).

MOLLISON, Judge: The merchandise the subject of this protest is described on the invoice as "Cork floats for fish nets" and was assessed with duty at the rate of 45 per centum ad valorem under the provision in paragraph 1511 of the Tariff Act of 1930 (19 U. S. C. §1001, par. 1511) for—

* * * manufactures wholly or in chief value of cork bark or cork, not specially provided for * * *.

The protest claim is for duty at the rate of 20 per centum ad valorem under the provision in paragraph 1558 of the same act for nonenumerated manufactured articles. The theory behind the plaintiffs' claim is that prior to importation the merchandise had not been advanced from the state of natural cork to the point where it became a manufacture of cork, but had been advanced only to that point where it was cork, manufactured. As there is no tariff provision for cork, manufactured, classification is claimed under the catch-all provision for nonenumerated manufactured articles.

The record consists of a stipulation of counsel and an exhibit, marked plaintiff's exhibit 1, which, it is agreed, is the same in all material respects as the merchandise imported. Counsel have stipulated—

\* \* \* that natural cork bark is cut from the tree in slabs of approximately two feet by six feet. It is buffed or ground on both sides to make it flat; that thereafter Exhibit 1 is stamped out of cork bark in one operation, and the edges of Exhibit 1 are bevelled.

\* \* \* that the merchandise is used in its imported condition as cork floats for fish nets.

Exhibit 1 is a circular object 4¼ inches in diameter, 1¾ inches thick, having a hole ⅝ths of an inch in diameter in the center.

We are of the opinion that upon the foregoing record and the law applicable the merchandise was correctly classified by the collector. Counsel for the plaintiffs relies upon certain expressions of this court in the cases of *C. H. Demarest* v. *United States*, 31 Treas. Dec. 185, Abstract 40119; *Unkart, Travis & Co. et al.* v. *United States*, 22 Treas. Dec. 828, T. D. 32527; and *W. K. Jenne* v. *United States*, 51 Treas. Dec. 18, T. D. 41939, relating to the question of whether certain imported merchandise consisted of a material, manufactured, or of manufactures of the material.

This question is one which has long been the subject of litigation in this and other tribunals, not always with consistent results. However, at least since the decision of our appellate court in the case of *United States* v. *Wilkinson Process Rubber Sales Corp.* (cross-appeals), 22 C. C. P. A. (Customs) 60, T. D. 47051, wherein the distinction between a material, manufactured, and a manufacture of a material was fully discussed, the concept has been established that the former implies that notwithstanding the manufacturing process applied to the material it still retains its identity and character as such material, while the latter implies the creation by manufacturing effort of a new identity, manifested by a new character or use, and invariably by a new name. See also in this connection *United States* v. *Nippon Co. et al.* (cross-appeals), 32 C. C. P. A. (Customs) 164, C. A. D. 303.

Applying these concepts to the merchandise at bar, we find that out of slab cork material of roughly rectangular shape a distinct article of commerce, known by another name, to wit, a float, was made. This new article is disk-shaped, with beveled edges, and has a hole in the center, all obviously to fit it for a use to which the slab cork material could not be applied in its state as such material.

The tariff distinction between a manufacture of a material and the material manufactured does not require that every characteristic of the material be destroyed before a manufacture can be said to have resulted from the processing of the material. Thus, the float retains the element of buoyancy, which was one of the characteristics of the slab cork material, but it has acquired other elements, to wit, size, shape, and perforation, which have given it a new identity, with characteristics and a name which it did not formerly possess. See *Bamboo & Rattan Works, Inc.* v. *United States*, 39 C. C. P. A. (Customs) 163, C. A. D. 480.

Judgment will therefore issue overruling the protest claim accordingly.